1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON GARY SALAZAR,<br><br>      Plaintiff,<br> v.<br><br>LAKEWOOD POLICE DEPARTMENT et al.,<br><br>      Defendants. | Case No. 3:22-cv-05605-BJR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>November 11, 2022</u> |

This matter is before the Court on Plaintiff's failure to update his address with the Court. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

On August 17, 2022, plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed complaint alleging claims pursuant to 42 U.S.C. § 1983. On August 26, 2022 and August 31, 2022, the Court mailed plaintiff letters regarding this case, including a notice of a deficiency in his IFP application. Dkts. 2, 4. Both mailings were returned to the Court as undeliverable on, respectively, August 26, 2022 and September 12, 2022. Dkts. 3, 5. Plaintiff has not provided the Court with an updated address.

REPORT AND RECOMMENDATION - 1

1

2          Pursuant to Local Rule 41:

3          A party proceeding pro se shall keep the court and opposing parties
           advised as to his or her current mailing address . . .. If mail directed to a
4          pro se plaintiff by the clerk is returned by the Postal Service . . . and if
           such plaintiff fails to notify the court and opposing parties within 60 days
5          thereafter of his or her current mailing . . . address, the court may dismiss
           the action without prejudice for failure to prosecute.

6

7    Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on

8    the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court

9    apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

10   Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing

11   address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of

12   any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal

13   Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

14          Here, mail was first returned to the Court as undeliverable to the address

15   provided by plaintiff more than 60 days ago. To date, plaintiff has not provided an

16   updated address. Accordingly, the undersigned recommends that, pursuant to LCR

17   41(b)(2), the Court dismiss this action without prejudice for failure to prosecute.

18                                        CONCLUSION

19          For the reasons discussed above, the Court recommends that this action be

20   DISMISSED without prejudice. A proposed Order accompanies this Report and

21   Recommendation.

22          Plaintiff has **fourteen (14) days** from service of this Report and

23   Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

24   P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of

25

REPORT AND RECOMMENDATION - 2

those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **November 11, 2022**, as noted in the caption.

Dated this 27th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3